UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAOXU YIN,<br><br>                                    Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary of the Department of Homeland Security, et al.,<br><br>                                    Respondents. | Case No.:  26-cv-2668-GPC-GC<br><br>**ORDER GRANTING WRIT OF HABEAS CORPUS**<br><br>**[ECF No. 1]** |

Before the Court is Petitioner Haoxu Yin's petition for a writ of habeas corpus. ECF No. 1. The matter has been fully briefed, and the Court finds the matter suitable for a decision on the papers. For the reasons outlined below, the petition is GRANTED.

## BACKGROUND

Petitioner is a Chinese citizen and came to the U.S. border to seek asylum on January 26, 2025. ECF No. 1 ("Pet.") at 3.[1] He was detained since then and is currently held at Imperial Regional Detention Center. *Id.*

---

[1] Throughout the order, the pagination for docketed documents is derived from the numbering generated by the ECF system.

On November 4, 2025, an immigration judge denied Petitioner's applications and ordered him removed to China. *Id*. The judge reserved appeal on Petitioner's behalf, but Petitioner did not appeal. The order became administratively final on December 4, 2025. *Id*.

Since the order became final, "ICE has been actively working to remove Petitioner to China." ECF No. 4 ("Ret.") at 2. On February 18, 2026, ICE submitted a travel document for Petitioner's removal, which is still pending.

On April 27, 2026, Petitioner filed a petition for writ of habeas corpus. ECF No. 1. Petitioner argues (1) that his detention violates *Zadvydas* and 8 U.S.C. § 1231 and (2) that ICE may not remove him to a third country without adequate notice and an opportunity to be heard. *Id*. at 7, 11. Petitioner asks the Court to order Petitioner's release and enjoin Respondents from re-detaining Petitioner unless certain conditions are met. *Id*. at 15, 16.

On May 1, 2026, Respondents filed their return, arguing that Petitioner has not established no significant likelihood of removal in the reasonably foreseeable future. Ret. at 2. On May 4, 2026, Petitioner filed a traverse. ECF No. 5 ("Trv."). At that time, Petitioner's six-month grace period under *Zadvydas* would not expire until June 4, 2026. *See* Ret. at 2-3. Because Petitioner's arguments center on his detainment extending past the six-month grace period, the Court reset the hearing from May 15, 2026 to June 18, 2026 after the six-month period had expired. ECF No. 6. The Court also ordered supplemental briefing once the six-month period had expired. *Id*. On June 9, 2026, Respondents submitted supplemental briefing and requested that the Court stay proceedings, allowing Respondents to provide a status report on Petitioner's removal no later than June 29, 2026. ECF No. 7 at 3. On June 12, 2026, Petitioner filed a reply to the supplemental briefing agreeing with the stay. ECF No. 8. On June 16, 2026, the Court ordered the Parties to file a joint status report on June 29, 2026. ECF No. 9.

On June 29, 2026, the Parties filed a joint status report. ECF No. 10. Petitioner requested that the Court grant his petition. *Id*. at 1. Defendants requested an additional stay of one month to obtain Petitioner's travel document. *Id*. at 2. Defendants supported this

26-cv-2668-GPC-GC

position by informing the Court that China had recently confirmed Petitioner's identity for a travel document but has not yet sent the travel document to Respondents. *Id*.

On July 7, 2026, the Court ordered Respondents to file supplemental briefing responding to Petitioner's *Zadvydas* argument by July 10, 2026 and set a hearing for July 17, 2026. ECF No. 11. On July 10, Respondents filed supplemental briefing. ECF No. 12. On that same day, Petitioner filed a reply to the supplemental briefing. ECF No. 13.

## LEGAL STANDARD

Under 28 U.S.C. § 2241, a writ of habeas corpus may be granted to any petitioner who demonstrates that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Rasul v. Bush*, 542 U.S. 466, 473 (2004). The writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).

As explained by the Supreme Court, "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Pinson v. Carvajal*, 69 F.4th 1059, 1067 (9th Cir. 2023) (habeas actions limited to challenges of the legality or duration of confinement). A petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *See Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009).

## DISCUSSION

Petitioner raises two arguments. First, Petitioner argues that his ongoing detention violates the Supreme Court's decision in *Zadyvydas v. Davis*, 533 U.S. 678 (2001), because he has been detained for around seven months and there is no evidence that he will be removed in the reasonably foreseeable future. ECF No. 10 at 1-2. Second, Petitioner argues that due process requires that Respondents cannot deport him to a third country without first providing him notice and an opportunity to be heard. Pet. at 11.

Respondents maintain that "Petitioner is subject to a final order of removal and detained under 8 U.S.C. § 1231(a) while Respondents effectuate Petitioner's removal to

26-cv-2668-GPC-GC

China." ECF No. 12 at 1. However, they concede that they are "no longer able to provide the Court facts sufficient to establish that there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future." *Id*. Thus, Respondents acknowledge that Petitioner is entitled to be released from custody subject to conditions of supervision. *Id*.

## CONCLUSION

Considering the above, the Court holds as follows:

1. Petitioner's petition for writ of habeas corpus is hereby **GRANTED**.

2. Respondents are **ORDERED** to immediately release Petitioner from custody, subject to his most recent order of supervision.

3. Respondents are **PROHIBITED** from removing Petitioner to a third country without notice and a meaningful opportunity to be heard and to apply for fear-based relief prior to removal.

4. The hearing set for July 17, 2026 is **VACATED**.

**IT IS SO ORDERED.**

Dated:  July 13, 2026

Hon. Gonzalo P. Curiel
United States District Judge

26-cv-2668-GPC-GC